**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**

---

| | |
|---|---|
| MICHAEL MORETTI, SR.,<br>            Plaintiff, | CASE NO. 1:10-cv-00255 |
| | Judge John A. Nordberg |
| vs. | Mag. Judge Nan R. Nolan |
| FIRST SECURITY TRUST AND<br>SAVINGS BANK and TRANS UNION<br>CREDIT REPORTING BUREAU;<br>            Defendants. | |

---

**TRANS UNION'S ANSWER TO PLAINTIFF'S COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

---

Trans Union, LLC, improperly identified as Trans Union Credit Reporting Bureau, ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## COUNT I

1.      That Plaintiff is a resident of Cook County, Illinois.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

2.      That FIRST SECURITY TRUST AND SAVINGS BANK is a bank doing business in the Village of Elmwood Park, County of Cook, and State of Illinois.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

3.      That TRANS UNION CREDIT REPORTING BUREAU is a credit bureau and does business in Cook County, Illinois.

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

4.     That plaintiff is not, nor has he ever been a customer of FIRST SECURITY TRUST AND SAVINGS BANK, and has never done business with FIRST SECURITY TRUST AND SAVINGS BANK.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

5.     That plaintiff is a car dealer and is in the business of dealing in cars.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

6.     That plaintiff has been doing business for the last several years and has had a good credit rating including but not limited to TRANS UNION CREDIT REPORTING BUREAU.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

7.     That because of his good credit rating plaintiff was able to do business using credit cards with several banks and was only being charged four (4%) percent interest for the use of the money.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

8.      That the defendants both had a duty to act fairly with their customers, including reporting accurately plaintiff's credit rating.

**ANSWER:**  Trans Union admits that in the preparation of a consumer report pursuant to 15 U.S.C. § 1681e(b) Trans Union must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Trans Union denies the remaining allegations of this paragraph, to the extent they relate to Trans Union.

9.      That the defendants breached that duty causing injury to plaintiff and the loss of his business.

**ANSWER:**  Trans Union denies the allegations of this paragraph, to the extent they relate to Trans Union.  Further, Trans Union denies that any of Plaintiff's alleged damages were proximately caused by a violation of the Fair Credit Reporting Act or any other law by Trans Union.

10.     That the defendants were the proximate cause of the loss of the plaintiff's business.

**ANSWER:**  Trans Union denies that any of Plaintiff's alleged damages were proximately caused by a violation of the Fair Credit Reporting Act or any other law by Trans Union.

11.     That the FIRST SECURITY TRUST AND SAVINGS BANK reported to TRANS UNION CREDIT BUREAU that plaintiff was past due on mortgage payments and FIRST SECURITY TRUST AND SAVINGS BANK reported to TRANS UNION CREDIT REPORTING BUREAU that plaintiff was past due on a mortgage, up to 23 months delinquent on said payments, thereby changing the credit score for plaintiff from good credit to a lower

credit score causing the various banks that plaintiff had credit with to raise the low interest rate of four (4%) percent to twenty-nine (29%) percent.

**ANSWER:** Trans Union denies that any of Plaintiff's alleged damages were proximately caused by a violation of the Fair Credit Reporting Act or any other law by Trans Union. Trans Union states that it has insufficient knowledge at this time to admit or deny the remaining allegations of this paragraph.

12.     That as a result of FIRST SECURITY TRUST AND SAVINGS BANK'S negligent and purposeful reporting a delinquency to TRANS UNION CREDIT BUREAU, showing the lower credit score and the delinquency, plaintiff could no longer have use of his credit cards and various banks to do business, a copy of the credit report issued by TRANS UNION is attached hereto and marked Exhibit "A".

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

13.     That FIRST SECURITY TRUST AND SAVINGS BANK has acknowledged and admitted its acts in the reporting of the lower credit score, a copy of the letter of admission being hereto attached and marked Exhibit "B".

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

14.     That FIRST SECURITY TRUST AND SAVINGS BANK had a duty to all persons to correctly report the accurate credit score to a credit reporting agency and had a further duty of when reporting that the reporting be accurate and not in error and the TRANS UION [sic] CREDIT REPORTING BUREAU had to confirm that the reporting was correct.

**ANSWER:**  Trans Union admits pursuant to 15 U.S.C. § 1681i that upon notice of a dispute from a consumer, Trans Union is obligated to "conduct a reasonable investigation to determine whether the disputed information is inaccurate…."  Trans Union denies the remaining allegations contained in this paragraph, to the extent they relate to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

WHEREFORE, plaintiff prays for judgment in the amount of $200,000.00 and for the costs of this suit.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any of the relief requested from Trans Union.

## COUNT II

Plaintiff re-alleges and restates Paragraphs 1 through 14 of Count I of this Complaint as and [sic] for Paragraphs 1 through 14 of Count II of this Complaint as though fully set out herein.

**ANSWER:**  Trans Union reasserts it answers and responses set forth herein.

15.    That the defendants did not act reasonably and the defendants knew the act of reporting on the part of both defendants was known to cause harm to the plaintiff.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph to the extent they relate to Trans Union.

16.    That the defendants acted negligently and were the proximate cause of the loss of business suffered by the plaintiff.

**ANSWER:** Trans Union denies the allegations contained in this paragraph to the extent they relate to Trans Union. Further, Trans Union denies that any of Plaintiff's damages were proximately caused by a violation of the Fair Credit Reporting Act by Trans Union.

17.    That the plaintiff has been damaged in amount over $200,000.000 [sic] and seeks judgment in that amount.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any of the relief requested.

18.    That FIRST SECURITY TRUST AND SAVINGS BANK was not accurate when it reported to TRANS UNION CREDIT REPORTING BUREAU that plaintiff was delinquent in his payments on a mortgage when he did not do business with FIRST SECURITY TRUST AND SAVINGS BANK.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

19.    That when FIRST SECURITY TRUST AND SAVINGS BANK did so it knew that plaintiff did not have an account and never had an account at FIRST SECURITY TRUST AND SAVINGS BANK and TRANS UNION CREDIT REPORTING BUREAU knew that plaintiff was not delinquent and still reported a delinquency as to Plaintiff that was not factual.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

20.    That as a result of the actions of the defendants the plaintiff suffered damages when his credit rating was lowered and plaintiff had to stop doing business.

**ANSWER:** Trans Union denies that any of Plaintiff's alleged damages were proximately caused by a violation of the Fair Credit Reporting Act or any other law by Trans Union.

WHEREFORE, plaintiff prays for judgment in the amount of $200,000.00 and for the costs of this suit.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any of the relief requested from Trans Union.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.    Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.    Trans Union's reports concerning Plaintiff were true or substantially true.

4.    Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.    Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. § 1681h(e) and/or § 1681(t).

7.    At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8.    Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9.    Plaintiff has failed to take reasonable steps to mitigate his/her damages, if any.

10.    Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/ Laura K. Rang*
Laura K. Rang, Esq. (IL ARDC # 26238-49)
Robert J. Schuckit, Esq. (IL #6183900)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  lrang@schuckitlaw.com
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC, improperly identified as "Trans Union Credit Reporting Bureau"*


Michael Joseph Sreenan, Esq.
  (IL ADRC #6194288)
853 N. Elston Avenue
Chicago, IL  60622
Telephone:  (773) 549-8700
Fax:  (773) 304-1999
E-Mail:  msreenan@sreenanpc.com

*Local Counsel for Trans Union, LLC, improperly identified as "Trans Union Credit Reporting Bureau"*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** has been filed electronically on the **20th day of January, 2010**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Michael J. Sreenan, Esq.<br>msreenan@sreenanpc.com | |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **20th day of January, 2010**, properly addressed as follows:

| **for Plaintiff Michael Moretti, Sr.** | **for Defendant First Security Trust and Savings Bank** |
|---|---|
| Angelo Ruggiero, Esq.<br>1438 North Lathrop<br>River Forest, IL 60305 | Earl E. Farkas, Esq.<br>Gozdecki, Del Giudice, Americus & Farkas, LLP<br>One East Wacker Drive, Suite 1720<br>Chicago, IL 60601 |

*s/ Laura K. Rang*
Laura K. Rang, Esq. (IL ARDC # 26238-49)
Robert J. Schuckit, Esq. (IL #6183900)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN 46204
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: lrang@schuckitlaw.com
E-Mail: rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC, improperly identified as "Trans Union Credit Reporting Bureau"*