IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MORETTI, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-00255 |
| ) | |
| FIRST SECURITY TRUST AND ) | |
| SAVINGS BANK and TRANS UNION ) | |
| CREDIT REPORTING BUREAU, ) | |
| ) | |
| Defendants. ) | |

**FIRST SECURITY TRUST AND SAVINGS BANK'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES defendant First Security Trust and Savings Bank ("First Security"), by and through its counsel, Gozdecki Del Giudice, Americus & Farkas LLP, and answers as follows the Complaint filed by plaintiff Michael Moretti, Sr. ("Moretti"):

**COUNT I**

1. That Plaintiff is a resident of Cook County, Illinois.

**ANSWER:**

First Security has insufficient knowledge or information sufficient to admit or deny the allegations of this paragraph.

    2. That FIRST SECURITY TRUST AND SAVINGS BANK is a bank doing business in the Village of Elmwood Park, County of Cook, and State of Illinois.

**ANSWER:**

First Security admits the allegations of this paragraph.

    3. That TRANS UNION CREDIT REPORTING BUREAU is a credit bureau and does business in Cook County, Illinois.

**ANSWER:**

First Security has insufficient knowledge or information sufficient to admit or deny the allegations of this paragraph.

    4.    That plaintiff is not, nor has he ever been a customer of FIRST SECURITY TRUST AND SAVINGS BANK, and has never done business with FIRST SECURITY TRUST AND SAVINGS BANK.

**ANSWER:**

First Security admits the allegations of this paragraph.

    5.    That plaintiff is a car dealer and is in the business of dealing cars.

**ANSWER:**

First Security has insufficient knowledge or information sufficient to admit or deny the allegations of this paragraph.

    6.    That Plaintiff has been doing business for the last several years and has had a good credit rating including but not limited to TRANS UNION CREDIT REPORTING BUREAU.

**ANSWER:**

First Security has insufficient knowledge or information sufficient to admit or deny the allegations of this paragraph.

    7.    That because of his good credit rating plaintiff was able to do business using credit cards with several banks and was only being charged four (4%) percent interest for the use of the money.

**ANSWER:**

First Security has insufficient knowledge or information sufficient to admit or deny the allegations of this paragraph.

8. That the defendants both had a duty to act fairly with their customers, including reporting accurately plaintiff's credit rating.

**ANSWER:**

This allegation calls for a legal conclusion to which First Security is not obligated to respond. To the extent an answer is required, First Security denies Moretti was a customer, and denies that it made a report concerning Moretti.

9. That the defendants breached that duty causing injury to plaintiff and the loss of his business.

**ANSWER:**

First Security denies the allegations of this paragraph.

10. That the defendants were the proximate cause of the loss of the plaintiff's business.

**ANSWER:**

First Security denies the allegations of this paragraph.

11. That FIRST SECURITY TRUST AND SAVINGS BANK reported to TRANS UNION CREDIT BUREAU that plaintiff was past due on mortgage payments and FIRST SECURITY TRUST AND SAVINGS BANK reported to TRANS UNION REPORTING CREDIT BUREAU that plaintiff was past due on a mortgage, up to 23 months delinquent on said payments, thereby changing the credit score for plaintiff from good credit to a lower credit score causing the various banks that plaintiff had credit with to raise the low interest rate of four (4%) to twenty-nine (29%) percent.

**ANSWER:**

First Security denies it reported to Trans Union Credit Bureau that Moretti was past due on mortgage payments and that it reported to Trans Union Reporting Credit Bureau that Moretti was past due or delinquent on a mortgage. First Security has insufficient knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

3

12. That as a result of FIRST SECURITY TRUST AND SAVINGS BANK'S negligent and purposeful reporting a delinquency to TRANS UNION CREDIT BUREAU, showing the lower credit score and the delinquency, plaintiff could no longer have use of his credit cards and various banks to do business, a copy of the credit report issued by TRANS UNION is attached hereto and marked Exhibit "A".

**ANSWER:**

First Security denies it made a report concerning Moretti. First Security has insufficient knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

13. That FIRST SECURITY TRUST AND SAVINGS BANK has acknowledged and admitted its acts in the reporting of the lower credit score, a copy of the letter of admission being hereto attached and marked Exhibit "B".

**ANSWER:**

First Security admits the document attached and marked as Exhibit "B" is a letter written by First Security. First Security denies the letter attached and marked as Exhibit "B" contains any acknowledgement or admission that First Security made any reports regarding Moretti. Further answering, First Security states that it wrote the letter in an effort to help Moretti resolve an issue on his credit report that had nothing to do with First Security. First Security denies any remaining allegations of this paragraph.

14. That FIRST SECURITY TRUST AND SAVINGS BANK had a duty to all persons to correctly report the accurate credit score to a credit reporting agency and had a further duty of [sic] when reporting that the reporting be accurate and not in error and the TRANSUION CREDIT REPORTING BUREAU had to confirm that the reporting was correct.

**ANSWER:**

This allegation calls for a legal conclusion to which First Security is not obligated to respond. To the extent a response is required, First Security admits it had only the duties imposed

by law. Further answering, First Security denies it made any report regarding Moretti. First Security denies any remaining allegations of this paragraph.

**WHEREFORE**, First Security prays for judgment in its favor and against Moretti, an award of all costs incurred in the defense of this action, along with an award of such other relief that the Court finds equitable and just.

## COUNT II

15. That the defendant did not act reasonably and the defendants knew the act of reporting on the part of both defendants was known to cause harm to the plaintiff.

**ANSWER:**

First Security denies the allegations of this paragraph.

16. That the defendants acted negligently and were the proximate cause of the loss of business suffered by the plaintiff.

**ANSWER:**

First Security denies the allegations of this paragraph.

17. That the plaintiff has been damaged in the amount over $200,000.000 [sic] and seeks judgment in that amount.

**ANSWER:**

First Security denies the allegations of this paragraph.

18. That FIRST SECURITY TRUST AND SAVINGS BANK was not accurate when it reported to TRANS UNION CREDIT REPORTING BUREAU that plaintiff was delinquent in his payments on a mortgage when he did not do business with FIRST SECURITY TRUST AND SAVINGS BANK.

**ANSWER:**

First Security denies the allegations of this paragraph.

19. That when FIRST SECURITY TRUST AND SAVINGS BANK did so it knew that plaintiff did not have an account and never had an account with FIRST SECURITY TRUST AND SAVINGS BANK and TRANS UNION CREDIT

5

REPORTING BUREAU knew that plaintiff was not delinquent and still reported a delinquency as to plaintiff that was not factual.

**ANSWER:**

First Security denies the allegations of this paragraph.

20. That as a result of the actions of the defendants the plaintiff suffered damages when his credit rating was lowered and plaintiff had to stop doing business.

**ANSWER:**

First Security denies the allegations of this paragraph.

**WHEREFORE**, First Security prays for judgment in its favor and against Moretti, an award of all costs incurred in the defense of this action, along with an award of such other relief that the Court finds equitable and just.

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Moretti's claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE
### (Pre-emption)

Moretti's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Moretti fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Statutory Immunity)

Moretti's claims are barred, in whole or in part, by 15 U.S.C. §1681h(e) and/or §1681t.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Moretti has failed to take reasonable steps to mitigate his damages, if any.

## SIXTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Moretti's damages, if any, are the result of acts or omissions committed by Moretti.

**WHEREFORE**, First Security prays for judgment in its favor and against Moretti, an award of all costs incurred in the defense of this action, along with an award of such other relief that the Court finds equitable and just.

                                Respectfully Submitted,

                                FIRST SECURITY TRUST AND BANK

                        BY:    s/Earl E. Farkas
                                    One of its Attorneys

Earl E. Farkas, Esq. (IL ARDC #6220308)
Steven H. Leech, Esq. (IL ARDC #6283355)
**Gozdecki, Del Giudice, Americus & Farkas LLP**
One East Wacker Drive
Suite 1700
Chicago, IL 60601
(312) 782-5010

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **First Security Trust and Savings Bank's Answer to Complaint and Affirmative Defenses** has been filed electronically on the 21st day of January, 2010. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system and copies of the same will be served on the following party via First Class, U.S. mail, postage prepaid, on this 21st day of January, 2010, addressed to:

Angelo Ruggiero, Esq., 1438 North Lathrop, River Forest, IL 60305.

                                                                        s/ Earl E. Farkas

Earl E. Farkas, Esq. (IL ARDC #6220308)
Steven H. Leech, Esq. (IL ARDC #6283355)
**Gozdecki, Del Giudice, Americus & Farkas LLP**
One East Wacker Drive
Suite 1700
Chicago, IL 60601
(312) 782-5010